Filed 1/20/23  In re D.R. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.R. et al., Persons Coming Under the Juvenile Court Law. | B320853 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>S.R.,<br><br>     Defendant and Appellant. | (Los Angeles County Super. Ct. Nos. 19CCJP07953A, 19CCJP07953B, 19CCJP07953C) |

APPEAL from orders of the Superior Court of Los Angeles County, Debra R. Archuleta, Judge.  Conditionally reversed and remanded with instructions.

Linda J. Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

Children's Law Center 2 and Stanley W. Wu for Minors.

———————————————

Father appeals the May 18, 2022 orders terminating parental rights over his three children (born in 2012, 2015, and 2017) pursuant to Welfare and Institutions Code section 366.26. Father's sole contention on appeal is that the order terminating parental rights is in error because the court failed to ensure compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief. Instead, counsel for father, minors, and the Los Angeles County Department of Children and Family Services (the Department) filed a joint application and stipulation requesting a conditional reversal and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

The stipulating parties agree, and we concur, the record demonstrates that the Department did not meet the initial inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438.) Although the parents both denied Indian ancestry, neither the court nor the Department asked available extended relatives about the possibility of Indian ancestry. Specifically, despite being in contact with maternal grandparents and maternal aunt, there is no evidence social workers asked those relatives about the possibility of Indian ancestry.

2

After reviewing the entire record, we find that the statutory requirements set forth in Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

# DISPOSITION

The juvenile court's May 18, 2022, orders terminating parental rights under Welfare and Institutions Code section 366.26 are conditionally reversed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available extended relatives, including maternal grandparents and maternal aunt, about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the minor. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the orders terminating parental rights are to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


RUBIN, P. J.

4

In re D.R. et al.
B320853


BAKER, J., Dissenting


I would reject the parties' stipulation to remand the matter to the juvenile court. For reasons I have previously explained at length, this court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (*In re A.C.* (2022) 86 Cal.App.5th 130, 141-144 (dis. opn. of Baker, J.); *In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].)


BAKER, J.